The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. Mr. Carpenter, can you hear me? Yes, Your Honor, I can. Okay, let's proceed then. Go ahead. Thank you very much, Your Honor. At the pleas of court, Kenneth Carpenter appearing on behalf of Mr. Eugene Costello. This appeal, Your Honor, concerns the rating of Mr. Costello's service-connected disability for tinnitus. It does not involve the establishment of service connection for tinnitus. Mr. Carpenter, Wallach. Yes, Your Honor. On the page, Mr. Costello asserts that, quote, if the subjective complaints of his tinnitus could be recognized by a competent medical authority as symptomatic of brain trauma, then the 10% rating must be awarded. Is it Mr. Costello's position that anyone who has tinnitus has had brain trauma? No, Your Honor. That is Mr. Costello's interpretation of what the diagnostic code at 880.45 at 38 CFR 4.124A provides. That is our interpretation and the basis for the misinterpretation by both the board and the Veterans Court. Mr. Carpenter, but the government says that's a new argument that was weighed below. Well, I don't believe so, Your Honor. The argument below was presented by Mr. Costello's attorney that the board relied upon a misinterpretation of this diagnostic code and this regulation. We don't believe that the Veterans Court ever addressed the question of interpretation except by relying upon the presidential decision in Fountain and disagreeing with Mr. Costello's reliance upon the decision in Fountain to be persuasive as to the interpretation that was being proffered. The interpretation then was not addressed by the Veterans Court, and the failure to address the interpretation of that regulation does not limit this court's jurisdiction or Mr. Costello's ability to present that issue to this court. This is Judge Taranto, Mr. Carpenter. As I understood the waiver or forfeiture argument, it goes something like this, and maybe I've misunderstood it, that the only argument made to the Veterans Court was that acoustic trauma is brain trauma under Fountain. You're now making, I think, a different argument, one that points to the regulatory, the diagnostic code language of symptomatic of brain trauma, and I don't recall an argument being presented to the Veterans Court that directed the Veterans Court to focus on the term symptomatic of and interpret it, and it seems particularly important, given that our jurisdiction is limited to legal issues, that a particular contention about the meaning of particular words in a legal source be part of what was presented to the Veterans Court, and I think the government says you didn't present that. We disagree in this regard, Your Honor. The issue that was presented was whether the board relied upon a misinterpretation of this specific regulation when it found that there was no clear and unmistakable error. I do not dispute that counsel below presented the argument in terms of what he understood Fountain to mean in terms of its applicability as a chronic disease under the regulation for service connection for chronic diseases, but that, in our view, does not prevent this court from considering the question that we believe was not considered by the Veterans Court, which was whether or not the board did or did not. Mr. Carpenter, this is Judge Shen. Yes, Your Honor. Just so I understand your argument here, is it your position that the Veterans Court made a terrible mistake by overlooking an argument that was raised below, that there was something in the briefing to the Veterans Court that signaled to the Veterans Court that it needed to wrestle with the language of the diagnostic code and provide an interpretation? The latter part of your statement is our position. And where in your brief would, let's assume I was a judge on the Veterans Court, where in your brief would I see something that would communicate to me as a judge on the panel that I would need to decide whether recognized as symptomatic of brain trauma should be understood as potentially capable of or could be recognized as symptomatic of brain trauma? Your Honor, I will concede that Mr. Costello's lawyer below presented the issue in terms of his understanding of the decision in Fountain as having addressed that issue. However, what he presented in his brief as the issue to be decided was a question of law as to whether or not there was or was not a misinterpretation by the Board of Veterans' Appeals of the regulation that we rely upon and that he relied upon at 38 CFR 4.124A for Diagnostic Code 8045 to determine whether or not there was or was not a clear and unmistakable error by failing to consider that applicable provision of law because it specifically references tinnitus. Now, I do not assert to this court that as the earlier part of your question framed it, that it was presented to direct the court's attention to the specific language that is now relied upon in the appeal that has been brought before this court, that that was not the case. But the question here in my view is whether or not that constitutes a waiver or whether or not the question of law, the interpretation of the regulation and the Diagnostic Code were in fact presented below. And it's your view they were? That they were because of the way in which the issue was presented as to whether or not the board misinterpreted that specific regulation. Yes, Your Honor. Mr. Carman, this is Judge Wallach. Are you saying the issue was available if it had been raised? I'm not sure I understand what you mean by available, Your Honor. That it was available for the court to consider if anybody had raised it. Is that what you're saying? What I'm saying is that it was raised by the way in which the issue was framed in terms of whether or not the Board of Veterans' Appeals misinterpreted that specific regulation. And that required a de novo review of the interpretation of that regulation, which necessarily required an examination. Is there something you can point me to in the briefing below to the Veterans' Court that connects to the argument that you're making now such that I can see, even though the argument below wasn't in so many words as you're arguing today, nevertheless provides some kind of logical bridge to what you're arguing now? If you'll give me just a moment to locate the brief of the appellant below, and I believe it's at Appendix 105 to 116. Let me get the right page here. At Appendix 112 of the... I'm not sure that this is the right... I apologize. I'm having trouble with my computer getting to the right page. Well, at Appendix 1... 112, the header for the argument that is presented is, The Board misinterpreted the law when it determined that the December 1965 rating decision was not a product of Kew. The regulatory provisions extant at the time were incorrectly applied, and the veteran should have been awarded a 10% rating under Diagnostic Code 8045. And that's what we rely upon, Your Honor. And I fully understand that if this court accepts the government's view of this, that that's too tenuous, then this court will agree with the Secretary. That just simply is not our understanding of what constitutes a waiver. Did I hear the bell go off for me to... that I'm into my rebuttal time now? I believe you are, but... Okay. Yes, the bell did go off. Okay. Then I've reserved the balance of my time, Your Honor, for rebuttal. We'll wait five minutes, Mr. Carpenter. Go ahead. Government, please. Thank you, Your Honor. May it please the Court. This Court should affirm the Veterans Court's judgment, first and foremost, because Mr. Costello waived the sole argument by failing to raise it below. Everyone agrees, and Diagnostic Code 8045 plainly provides that a 10% rating was available in 1965 only if the veteran's tinnitus was, quote, recognized as symptomatic of brain trauma, end quote. Before the Veterans Court, Mr. Costello challenged the correct interpretation of the phrase brain trauma. Here, however, he seems to challenge the correct interpretation of the words symptomatic of. These two arguments are substantively distinct, as they relate to two different aspects of the regulation at issue. The Court should accordingly consider Mr. Costello's argument here waived. Now, Mr. Carpenter cited to Appendix 112 to the heading on that page as evidence that Mr. Costello did, in fact, make some sort of version of the argument he makes here. But we'd like to point your attention directly below that heading. Mr. Costello argued, based on Fountain, in that very paragraph, that very first paragraph, by citing Fountain, that brain trauma is equivalent to acoustic trauma. And that was the substance of Mr. Costello's argument below. And, again, Mr. Costello made the same argument at Appendix 115, and there is a longer paragraph there that elaborates on this argument. Before this Court, Mr. Costello no longer argues about the correct interpretation of the phrase brain trauma. In fact, in his brief to this Court, Mr. Costello seems to recognize that brain trauma is not tantamount to acoustic trauma, and that either one is capable of causing tinnitus. Mr. Costello also acknowledges in his brief that the Fountain case, that 2015 decision from the Veterans Court, does not directly control the outcome of this case. So that, again, demonstrates that the argument Mr. Costello made before the Veterans Court, by relying exclusively on Fountain, and the argument he makes to this Court by disavowing the reliance on Fountain, are two distinct arguments. And according to this Court's many decisions, most notably the Emanacher v. Peek decision we cited in our brief, because the two arguments do not embody the same concept, Mr. Costello has waived the argument he makes before this Court. This is Judge Toronto. Can I ask you on the merits of the point? Why is Mr. Carpenter's position wrong? Sure. So if the Court were to reach the merits of Mr. Costello's argument, the problem with the argument is that, in our mind, it ignores, or at least asks the Court to ignore, Diagnostic Code 6260 in reaching a conclusion about Diagnostic Code 8045 that is inconsistent with EC626. So the two diagnostic codes present a clear dichotomy, where tinnitus alone is entitled to a disability rating of 0% under 6260, and tinnitus that is recognized as symptomatic of brain trauma is entitled to a 10% rating under DC8045. An argument that allows a veteran to recover a 10% disability rating for tinnitus under DC8045 by presenting a purely subjective complaint of tinnitus to the VA with nothing further would require the Court to ignore DC6260. If a veteran came to a VA regional office and complained of nothing more than tinnitus with no evidence whatsoever of brain trauma, then under the plain reading of the regulations at the time, that complaint of tinnitus would be entitled to a disability rating of 0% because it would fall under Diagnostic Code 6260. Is it your suggestion that under Mr. Costello's theory, 6260 would be of no further effect? That is what it seems like. Is that putting it too strongly? Well, I don't think so. I think that's correct. It seems that Mr. Costello is arguing that if a veteran comes to a regional office and complains of tinnitus, then even if there is no evidence whatsoever of brain trauma, and here, by the way, there was no evidence of brain trauma in the medical records that were associated with Mr. Costello's file that were reviewed in 1965, and a medical examination conducted in October of 1965 did not reveal any indication of brain trauma either. So it's undisputed that in 1965 there was no evidence whatsoever of brain trauma. So it seems that Mr. Costello's interpretation requires the VA to assign a disability rating of 10% under D.C. 8045 even if there is absolutely no evidence of brain trauma, and that appears to be entirely inconsistent with D.C. 6260. And, Your Honor, we also pointed out that according to this court's precedent, to properly interpret a regulation, the court has to reconcile the regulatory provision at issue with other regulations related to it. And so to properly interpret D.C. 8045, the court has to reconcile that provision with D.C. 6260, and it seems like if the court adopts Mr. Costello's interpretation, then those two provisions would be irreconcilable. Well, if there are no further questions, I would like to thank the panel and again ask the court to affirm the judgment below. Any further questions? No, nothing. Okay, Mr. Carpenter. Thank you, Your Honor. I'd like to respond to the government's hypothetical, which is that the veteran walks into a regional office. That is simply not the circumstance here. The circumstance here is that the veteran was found by VA examination to suffer from tinnitus without comment as to his etiology. Mr. Carpenter, this is Judge Chen. Could you just speak directly to the argument from the other side that if we were to adopt your understanding of 8045, then there would really be no work for 6260 left to do, that there would never be a situation where a veteran had tinnitus would ever be conferred a 0% rating under 6260? Or I guess another way to put it is, can you think of a situation where under your interpretation of 8045, there could still be a veteran diagnosed with tinnitus that would get nothing more than a 0% rating for tinnitus because of 6260? Yes, Your Honor, I believe I can. But I'd like to back up before I respond to the last part of that to give an example. With the statutory genesis of the rating schedule, the rating schedule is a product of a mandate from Congress by statute directing the Secretary to create a rating schedule. And the rating schedule is designed to assign rating criteria for the average impairment. In this case, it is our position that in doing that, the Secretary chose two different routes under the two different diagnostic codes to attain compensable versus non-compensable compensation. And it is not a question of making the first diagnostic code superfluous. It is a question of whether or not the second diagnostic code provides an opportunity. I guess let me ask the question differently. Is there an example where someone who is diagnosed with tinnitus would not be capable of being recognized as symptomatic of brain trauma? Yes, I believe there is. What would that example look like? I guess I'm having trouble understanding how that can be. The problem here is that there is no medical understanding of the etiology of tinnitus. And tinnitus is attributable to noise exposure as well as brain trauma. And the common accepted understanding of the first diagnostic code is that that covers the acoustic trauma aspect. The example would be that a Veteran comes in and says, I have these subjective complaints of tinnitus and the medical evidence demonstrates that it is not the product in the judgment of the medical examiner from brain trauma, but rather is in fact from acoustic exposure. In that case, then the rating would be non-compensable under 6,000 versus the 8540 in the event that the medical evidence did establish that. In this case, we have a diagnosis based upon examination both in service and following discharge from service in which the Veteran was found to suffer from tinnitus. The only comment made in the rating decision was the attribution of source to the Veteran as opposed to the medical evidence. That is where we believe that the clear and unmistakable error was made by not considering the provisions of 8045. Did that answer or satisfactorily present an example, Your Honor? That's fine. Okay, thank you. I think the panel has the arguments from both sides and we would encourage the court not to consider this as having been waived and recognize that the entire function of the clear and unmistakable error statute is accomplished based upon a correct interpretation in this case. Thank you very much, Your Honor. Thank you, Mr. Carpenter. This matter will stand submitted.